## A08A1923. WHITEHEAD v. THE STATE.

(685 SE2d 770)

MIKELL, Judge.

In *Whitehead v. State*,[1] the Court of Appeals affirmed Richard Dennis Whitehead's conviction under OCGA § 16-6-5.1 (b) for sexual assault against a person enrolled in a school. Whitehead's conviction followed a bench trial, at which the evidence showed that he, while a teacher at Bainbridge High School, engaged in sexual contact within the meaning of OCGA § 16-6-5.1 (a) (4)[2] with J. A. P., a 17-year-old student registered at the school. The facts are more fully set forth in our prior decision in *Whitehead*.[3]

Whitehead challenged his conviction on several grounds, including insufficiency of the evidence. We affirmed his conviction, ruling that the evidence was sufficient to show that Whitehead had "supervisory or disciplinary authority" over J. A. P., as required for a conviction under OCGA § 16-6-5.1 (b), which provides that "[a] . . . supervisor of another person referred to in this Code section commits sexual assault when he or she engages in sexual contact with another person . . . who is enrolled in a school . . . and such actor has supervisory or disciplinary authority over such other person."

The Supreme Court granted Whitehead's petition for certiorari and remanded this case to us for consideration in light of the Supreme Court's decision in *Chase v. State*.[4] In *Chase*, the Supreme Court addressed the question of whether OCGA § 16-6-5.1 (c) (3), which provides that "[c]onsent of the victim shall not be a defense to a prosecution *under this subsection*,"[5] applies to charges brought under OCGA § 16-6-5.1 (b).[6] The Supreme Court answered this question in the negative, ruling that "the General Assembly intended to eliminate consent as a defense to the crimes created by subsection (c) *only*."[7] Thus, the Supreme Court concluded that as to alleged victims who were over the age of consent,[8] "subsection (c) (3) did not . . . remove consent of the alleged victim as a viable defense to a charge of sexual assault of a person enrolled in school, because that crime was created by subsection (b) of the statute, not subsec-

---

[1] 295 Ga. App. 562 (672 SE2d 517) (2009).

[2] OCGA § 16-6-5.1 (a) (4) defines "sexual contact" as "any contact between the actor and a person not married to the actor involving the intimate parts of either person for the purpose of sexual gratification of the actor."

[3] Supra.

[4] 285 Ga. 693 (681 SE2d 116) (2009).

[5] (Emphasis supplied.)

[6] *Chase*, supra at 695 (1).

[7] (Emphasis supplied.) Id. at 697 (2).

[8] Id. at 696 (2).

tion (c).'"[9] In *Chase*, the alleged victim was 16 years old,[10] and therefore over the age of consent;[11] and the Supreme Court held that the trial court erred in preventing the defendant from raising consent as a defense at trial.[12]

In light of the Supreme Court's interpretation of OCGA § 16-6-5.1 (b), we conclude that the evidence adduced against Whitehead was insufficient to support his conviction. J. A. P., the alleged victim, was a high school student over the age of consent.[13] She testified that no force was used in any of the sexual contacts between her and Whitehead; that their relationship was mutual; and that she herself had asked Whitehead how far he wanted to take the relationship. In short, the record reflects that the alleged victim in this case consented to the sexual contacts with Whitehead. Thus, "[Whitehead's] conduct with [J. A. P.] was not a crime because [J. A. P.] was over the age of consent when the sexual contact occurred"[14] and J. A. P. was a "willing participant" in the sexual activity.[15] Accordingly, we reverse Whitehead's conviction.

In light of our ruling above, Whitehead's motion to remand to the trial court for an evidentiary hearing is hereby denied as moot.

*Judgment reversed. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 16, 2009.

*Gilbert J. Murrah, Robert R. McLendon IV*, for appellant.
*Joseph K. Mulholland, District Attorney*, for appellee.

[9] Id. at 697 (2).
[10] Id. at 694 (1).
[11] Id. at 696 (2).
[12] Id. at 694.
[13] Id. at 696 (2) ("The age of consent in Georgia is 16. . . . Thus, generally speaking, it is not a crime in Georgia to have physical sexual contact with a willing participant who is 16 years of age or older") (footnotes omitted).
[14] Id. at 698 (2).
[15] Id. at 696 (2).